**NOT FOR RECOMMENDED FOR PUBLICATION**

File Name: 14a0140n.06

No. 13-3570

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JEFFREY MAYLE, MILDRED KOWELL, JAY YOUNG, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JERRY L. MALOON, in both his official and | ) | COURT FOR THE SOUTHERN |
| individual capacities; DAVID R. HUNT, in both | ) | DISTRICT OF OHIO |
| his official and individual capacities; | ) | |
| LISA SMITH, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

FILED
Feb 18, 2014
DEBORAH S. HUNT, Clerk

BEFORE: SUHRHEINRICH, SILER, and KETHLEDGE, Circuit Judges.

**SUHRHEINRICH, Circuit Judge.** Jeffrey Mayle, Mildred Kowell, and the estate of Jay Young (collectively "Plaintiffs") appeal the district court's judgment granting summary judgment for defendants Jerry L. Maloon II, David R. Hunt, and Lisa Smith (collectively "Defendants") and dismissing Plaintiffs' 42 U.S.C. §§ 1983 and 1985 civil rights case.

Plaintiffs claimed that Defendants violated their rights under the Fourth and Fourteenth Amendments in obtaining warrants and seizing their property by deliberately including false statements and omitting material facts in the affidavits used to obtain the warrants. They requested compensatory and punitive damages, as well as equitable relief.

After reviewing both parties' motions for summary judgment, the district court granted summary judgment for Defendants. The court decided that, viewed objectively, Plaintiffs did not

1

show that Defendants stated a deliberate falsehood or showed reckless disregard for the truth; that the allegedly false or omitted information was material to the finding of probable cause; or that Defendants omitted facts from the affidavit that were critical to the finding of probable cause. Further, the court found that defendant Maloon was entitled to qualified immunity because he did not participate in drafting or reviewing the warrant affidavits.

Plaintiffs raise the following issues on appeal:

> Whether the trial court erred in deciding that Franklin County Municipal Court Judge Anne Taylor's testimony was irrelevant on the issue of what evidence was material to probable cause and whether she would have granted the search warrants if Defendants had not deliberately omitted information in affidavits and had not made misrepresentations about other information.

> Whether the trial court erred in holding that the omissions and misrepresentations were irrelevant on the issue of probable cause and if relevant were not material to a finding of probable cause.

> Whether the trial court erred in holding that Assistant Attorney General Maloon is not responsible for any material omissions or misrepresentations in the affidavits for search warrants.

Having reviewed the parties briefs, the applicable law, and the record, and having heard oral arguments, we conclude that the district court appropriately disposed of each of the issues Plaintiffs raise before this court. Therefore, for the reasons stated in the district court's opinion dated March 29, 2013, we AFFIRM.